IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| OLIVIER WILLIAMS, on behalf of herself and all others similarly situated,<br><br>PLAINTIFFS,<br><br>- AGAINST -<br><br>MERCER UNIVERSITY,<br><br>DEFENDANT. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff OLIVIER WILLIAMS ("Plaintiff"), by and through the undersigned counsel, brings this class action against Defendant Mercer University ("Mercer," the "University," or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of all persons who paid tuition and/or fees to attend Mercer for an in-person, hands-on educational services and experiences for the semesters or terms affected by Coronavirus Disease 2019 ("COVID-19"), Spring 2020 semesters, and had their course work moved to online only learning.

2. Such individuals paid all or part of the tuition for an average yearly tuition that was around $37,508 for undergraduate students, and mandatory fees including $150 facility and technology fees ("Mandatory Fees").

1

3. Mercer has not refunded any amount of the tuition or any of the Mandatory Fees, even though it has implemented online only distance learning starting in or around March 13, 2020.

4. Because of the University's response to the COVID-19 pandemic, on or about March 15, 2020, the University also stopped providing any of the services or facilities the Mandatory Fees were intended to cover.

5. The University's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately March 15, 2020 is a breach of the contracts between the University and Plaintiff and the members of the Class, and it is unjust.

6. In short, Plaintiff and the members of the Class have paid for tuition for a first-rate education and an on-campus, in-person educational experiences, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

7. As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which were simply not provided.

8. Plaintiff seeks, for herself and Class members, the University's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fees, proportionate to the amount of time in the respective semesters when the University closed and switched to online only learning.

9. Plaintiff seeks, for herself and the Class members, protections including injunctive and declaratory relief protecting Class Members for paying the full cost of tuition and fees during the pendency of the pandemic in light of the educational services, opportunities, and experiences Defendant can actually safely provide.

**PARTIES**

8. Plaintiff Olivier Williams was an undergraduate student during the Spring 2020 semester and is enrolled for classes in the Fall 2020 with an expected graduation date of December 2020. For the Spring 2020 semester, Mercer charged Plaintiff approximately $8,550 in tuition and $6,145 in Mandatory Fees, including Facility and Technology Fees, Housing Fees, Study Abroad Fee, Study Abroad Deposit & Program Fee, and Study Abroad Program Fee as well as separate Housing Fees in excess of $3,700.

9. Plaintiff Williams is a resident of Dacula, Georgia.

10. Plaintiff Williams paid tuition and fees for in-person educational services, experiences, opportunities, abroad program accommodations, and other related collegiate services. Plaintiff Williams has not been provided a pro-rated refund of the tuition for her in-person classes that were discontinued and moved online, or the Mandatory Fees she paid after the University's facilities were closed and events were cancelled.

11. Defendant Mercer is a private university in Macon, Georgia that was founded in 1833. The University offers numerous major fields for undergraduate students, as well as a number of graduate programs.

12. Defendant's undergraduate and graduate programs include students from many, if not all, of the states in the country. Its campus is located in Macon, Georgia. Defendant is a citizen of Georgia.

**JURISDICTION AND VENUE**

13. This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which one or more of the other Class

members are citizens of a State different from the Defendant.

14. This Court has personal jurisdiction over Defendant because it resides in this District.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this District and is a resident of the state in which the District is located.

## FACTUAL ALLEGATIONS.

16. Plaintiff and Class Members paid to attend Mercer's Spring 2020 semesters including tuition and the Mandatory Fees. The Spring 2020 semester started on Jan. 5, 2020 and ended on May 2, 2020.

17. Tuition at the University was approximately $37,508 for undergraduate students, and mandatory fees of approximately $150 including facility and technology fees.

18. Plaintiff and the members of the Class paid tuition for the benefit of on-campus live interactive instruction and an on-campus educational experience throughout the semesters.

19. Throughout March 2020, the University made public announcements adjusting educational services and opportunities that affected Plaintiff and the Class.

20. The University has not held any in-person classes since March 15, 2020 for students. All classes since March 15, 2020 have only been offered in a remote online format with no in-person instruction or interaction.

21. Most of the services for which the Mandatory Fees were assessed were also terminated or cancelled at or about this time, such as access to University health and wellness facilities, programs or services; fitness facilities; and student events and sports.

22. Mercer has not provided reimbursement or refund information regarding tuition or the Mandatory Fees.

23. Students attending Mercer's Spring 2020 semesters did not choose to attend an online-only institution of higher learning, but instead chose to enroll in the University's in-person educational programs – with the understanding that Mercer would provide in-person educational opportunities, services, and experiences.

24. On its website, Mercer markets its University's on-campus experience and opportunities as a benefit to students.

25. The online learning options being offered to Mercer's students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was. During the online portion of the Spring 2020 semesters, Mercer used programs by which previously recorded lectures were posted online for students to view on their own or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction among teachers and students, and among students that is instrumental in educational development and instruction.

26. The online formats being used by Mercer do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams. Further, the ability to receive a Pass-Fail grade rather than a letter grade provides educational leniency that the students would not otherwise have with the in-person letter grading education that was paid for and expected.

27. Students, like Plaintiff, have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

28. Access to facilities such as libraries, laboratories, computer labs, recitations, and study rooms, are integral to a college education.

29. Access to activities offered by campus life fosters intellectual and academic development and independence, and networking for future careers.

30. Mercer priced the tuition and Mandatory Fees based on the in-person educational services, opportunities and experiences it was providing on campus.

31. The University has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the semesters affected by COVID-19.

32. The University has not refunded any portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the affected semester even though it closed or ceased operating the services and facilities for which the Mandatory Fees were intended to pay.

33. Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fee they paid for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed.

34. Defendant's practice of failing to provide reimbursements for tuition and Mandatory Fees despite the diminished value of the education and other experiences that it provided, and the reduced benefits associated with the fees, as alleged herein, violates generally accepted principles of business conduct.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this case individually and, pursuant to FRCP 23, on behalf of the class defined as:

> All persons who paid tuition and/or the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020, or any other semester affected by COVID-19 at Mercer but had their class(es) moved to online learning (the "Class").

36. Plaintiff reserves the right to modify or amend the definition of the proposed Class if necessary before this Court determines whether certification is appropriate.

37. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of FRCP 23 and other statutes and case law regarding class action litigation in the State of Georgia.

38. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, the University has reported that an aggregate of 8,500 or more undergraduate and graduate students were enrolled for the 2019-2020 school year. The names and addresses of all such students are known to the University and can be identified through the University's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

39. The questions here are ones of common or general interest such that there is a well-defined community of interest among the class members. These questions predominate over questions that may affect only individual members of the classes because Mercer has acted on grounds generally applicable to the classes. Such common legal or factual questions include, but are not limited to:

   a. Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as certain facilities and services throughout the semesters affected by COVID-19;

   b. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 13, 2020;

   c. Whether Defendant breached its contracts with Plaintiff and the Class by failing to

provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020; and

d. Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 15, 2020;

e. Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020;

f. The amount of damages and other relief to be awarded to Plaintiff and the Class members.

40. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fee that they paid, that the University stopped providing in mid-March.

41. Plaintiff is a more than adequate class representative. In particular:

a) Plaintiff is committed to the vigorous prosecution of this action on behalf of herself and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class action litigation;

b) Plaintiff's interests do not conflict with the interests of the other Class members who she seeks to represent

c) Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

d) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

42. Class members' interests will be fairly and adequately protected by Plaintiff and

her counsel.

43. It is impracticable to bring members of the Class' individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

44. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

45. Plaintiff also seeks class certification for injunctive and declaratory relief under FRCP 23(b)(2) and (b)(3), at the appropriate juncture.

## **FIRST CLAIM FOR RELIEF**

**BREACH OF CONTRACT**
**(On Behalf of Plaintiff and the Class)**

46. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein, including those made in paragraphs 1 through 45 above.

47. Plaintiff brings this claim individually and on behalf of the members of the Class.

48. By paying the University tuition and the Mandatory Fees for the Spring 2020 semesters, the University agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees they paid pertained throughout those semesters. As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

49. Mercer has held that its in-person educational opportunities, experiences, and services are of substantial value.

50. Mercer has agreed to provide in-person educational opportunities, experiences, and services to enrolled students.

51. Mercer has promoted its in-person educational services as being valuable to students' educational experiences and their develop.

52. In marketing materials and other documents provided to the Plaintiff, the Defendant promoted the value of the in-person education experiences, opportunities, and services that the Defendant provided.

53. The Defendant provided Plaintiff with an acceptance letter that the Plaintiff accepted based on the promise of in-person educational experiences, opportunities, and services that the Defendant would provide.

54. The University has breached its contract with Plaintiff and the Class by failing to

10

provide the promised in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the semesters affected by COVID-19, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during these semesters.

55. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

56. Plaintiff and members of the Class have performed all of the obligations on them pursuant to their agreement – including by making such payments or securing student loans or scholarships to pay for such education.

57. Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the University's breach in the amount of the prorated portion of the tuition and Mandatory Fee they each paid during the portion of time the semesters affected by COVID-19 in which in-person classes were discontinued and facilities were closed by the University.

58. The University should return such portions of the tuition and Mandatory Fees to Plaintiff and each Class member.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT
## (Pled in the Alternative)
## (On Behalf of Plaintiff and the Class)

59. Plaintiff incorporates the allegations by reference as if fully set forth herein, including those made in paragraphs 1 through 58 above.

60. By paying Defendant tuition and the Mandatory Fees for the Spring 2020 semesters, Plaintiff and the Class Members conferred a benefit to Defendant in exchange for which Defendant agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees they paid pertained throughout

those affected semesters.

61. Defendant has retained the benefits of the amount of tuition and fees that Plaintiff and the Class Members have provided – without providing the benefits that Plaintiff and the Class Members are owed.

62. For example, Defendant failed to provide Plaintiff and Class Members access to any on-campus facility after March 15, 2020. Yet Defendant assessed Plaintiff and the Class with tuition and fees that covered the cost of upkeep and maintenance of such facilities, services, costs, and expenses.

63. Plaintiff and the Class were not able to access such facilities or services remotely.

64. Plaintiff and the Class paid tuition and fees with the expressed understanding that such costs included the in-person classes, services, opportunities, and experiences that Mercer has previously marketed, promoted, or made available prior to COVID-19.

65. Defendant has been unjustly enriched by Plaintiff and the Class' payment of tuition and fees.

66. Despite not being able to provide such services, Defendant failed to provide reimbursements for tuition and fees despite the diminished value of the education and other experiences that it provided, and the reduced benefits associated with the fees.

67. Plaintiff and members of the Class have sustained monetary damages as a result of each of Defendant's breaches of the covenant of good faith and fair dealing.

68. It is unjust for Defendant to keep money for services it did not render.

## THIRD CLAIM FOR RELIEF

### EXPENSES OF LITIGATION (O.C.G.A. § 13-6-11)
### (On Behalf of Plaintiff and the Class)

69. Plaintiff incorporates the allegations by reference as if fully set forth herein, including those made in paragraphs 1 through 68 above.

70. Defendant has acted in bad faith and caused Plaintiff and the Class unnecessary trouble and expense by failing to provide services for which Plaintiff and the Class have paid and by failing to refund the tuition and fees paid by Plaintiff and the Class.

71. Plaintiff and the Class are entitled to expenses of litigation, including reasonable attorneys' fees and costs, pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a) For an order certifying the Class under the FRCP and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For damages in an amount to be determined by the trier of fact;

(d) For an order compelling disgorgement of the ill-gotten gains derived by Defendant from its misconduct;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For an order awarding expenses of litigation, including reasonable attorneys' fees, costs, and expenses;

(g) For an order awarding pre- and post-judgment interest on any amounts awarded; and,

(h) For an order awarding such other and further relief as may be just and proper, including injunctive relief and declaratory relief.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: September 14, 2020

Respectfully submitted,

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue
Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com

Jeffrey K. Brown, Esq. *(To apply Pro Hac Vice)*
Michael A. Tompkins, Esq. *(To apply Pro Hac Vice)*
Brett R. Cohen, Esq. *(To apply Pro Hac Vice)*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

Jason P. Sultzer, Esq. *(To apply Pro Hac Vice)*
Jeremy Francis, Esq. *(To apply Pro Hac Vice)*
**THE SULTZER LAW GROUP, P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
Telephone: (212) 969-7810
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

*Counsel for Plaintiff and Proposed Class*