# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| OLIVIER WILLIAMS, and all others similarly situated, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | CASE NO.: 5:20-CV-361 (LAG) |
| THE CORPORATION OF MERCER UNIVERSITY, | : : : : | |
| Defendant. | : : | |

## ORDER

Pursuant to the Court's Rules 16 and 26 Order, the Parties conferred and submitted their Proposed Scheduling and Discovery Order on September 10, 2021. The Parties, however, were unable to agree on proposed dates and whether discovery should be bifurcated. (*See* Docket). On September 16, 2021, the Court held a discovery scheduling conference and ordered the Parties to brief whether discovery should be bifurcated, such that damages related discovery be conducted at a later date. (*See* Doc. 34; Doc. 35 at 12:21–13:2). On September 27, 2021, Plaintiff submitted her Brief Supporting Bifurcation. (Doc. 37). On October 1, 2021, Defendant submitted its Brief Opposing Bifurcation. (Doc. 38).

After review of the Parties' briefs, the Court finds that bifurcation of discovery is not appropriate in this matter. Plaintiff has indicated that she will seek class certification, and Rule 23 of the Federal Rules of Civil Procedure requires Plaintiff to prove her theory of damages as a condition of class certification as damages are an element of her breach of contract claim. *See Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1295 (N.D. Ga. 2015) (noting that damages are an element of a breach of contract claim under Georgia law (citation omitted)); Fed. R. Civ. P. 23(b)(3); *Comcast Corp. v. Behrend*, 569 U.S. 27,

33 (2013) ("The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b).").

*Comcast* turned on the issue that the district court failed to determine whether "damages [were] susceptible of measurement across the entire class for purposes of Rule 23(b)(3)." 569 U.S. at 35. The Court must make such a determination here. Moreover, Plaintiff, understandably, has not affirmatively disavowed the need for a damages expert. (*See* Doc. 36 at 4–5). While Plaintiff assumes that the "measure of damages" will be "straightforward," the Court cannot simply assume that damages were incurred and can be proven and measured on a classwide basis. *See Comcast*, 569 U.S. at 35–36; *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1234 (11th Cir. 2016) ("[I]f a question of fact or law *is* relevant to [class certification] determination, then the district court has a duty to actually decide it and not accept as true or construe in anyone's favor." (citations omitted)). Furthermore, the possibility that a damages expert will be proffered for class certification purposes weighs against bifurcation of discovery in this case. *See Sher v. Raytheon Co.*, 419 F. App'x 887, 890–91 (11th Cir. 2011) (holding that "the district court erred as a matter of law by not sufficiently evaluating and weighing conflicting expert testimony on class certification" and that "a district court must make the necessary factual and legal inquiries and decide all relevant contested issues prior to certification." (citations omitted)). It would, therefore, be inefficient to bifurcate discovery in this matter.

Accordingly, the Parties are **ORDERED** submit a revised proposed scheduling and discovery order within **twenty-one (21) days** of this Order.

**SO ORDERED**, this 19th day of October, 2021.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**